# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 12, 2010

No. 10-50095
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARCOS ALFREDO CALDERON,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2876-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marcos Alfredo Calderon appeals the 46-month term of imprisonment imposed for his guilty plea conviction of violating 8 U.S.C. § 1326(a) and (b)(2) by being found in the United States without permission, following removal. He argues that his sentence, which fell within his advisory sentencing guidelines range, is substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Calderon contends that his sentence overstates the seriousness of his illegal reentry offense and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not properly account for his personal history and characteristics, including his motive for reentering the United States. He also argues that the sentencing guideline used in determining his sentence, U.S.S.G. § 2L1.2, is flawed because it ignores the remote nature of his prior offense.

Generally, this court reviews criminal sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court first determines whether the district court committed any procedural errors. *Id.* If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Id.* The Government contends that we should review the district court's sentencing decision for plain error only because Calderon did not object to the reasonableness of his sentence in the district court. We need not decide the appropriate level of review, because Calderon's sentence may be affirmed even under reasonableness review.

Before imposing Calderon's sentence, the district court judge considered the advisory sentencing guidelines range, the information in the presentence report, and the § 3553(a) factors. The judge also considered the arguments presented at sentencing and determined that a guideline sentence would be appropriate. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Calderon has not shown that the district court erred or abused its discretion in selecting his sentence or, consequently, that the within-guidelines sentence imposed in his case is unreasonable. *See Gall*, 552 U.S. at 51; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied* 130 S. Ct. 1930 (2010).

The judgment of the district court is AFFIRMED.